EDWARD KEHOE *vs.* ANDREW B. PATTON.

PROVIDENCE—MARCH 10, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Election of Remedies.*

K. recovered judgment in a District Court against D., attaching by the

original writ certain real estate of D.  Subsequently, and while said judgment was wholly unsatisfied, D. executed a conveyance of said real estate to P., upon the understanding and agreement that P. would pay the judgment of K., with other claims of D.  The deed was without money consideration, and was accepted by P. upon said agreement and recorded by him.  K. thereupon brought suit against P. to recover the amount of his claim against D.

P. filed a special plea in bar, averring that after the execution of the said deed K. filed a bill in equity, alleging that the conveyance was made in fraud of creditors by D. and P., and praying that it be set aside ; and further averring that K. had levied execution upon said real estate subsequent to the execution of said conveyance, as the property of D., and that thereby K. had made an election of remedies.

To this plea K. demurred :—

*Held*, the mere bringing of the suit in equity, without proceeding to a final decree, was not in itself an election of remedies.

(2)  *Procedure.*

*Semble:* In the case stated the remedy of a defendant is by motion to require the plaintiff to make an election between the suit in equity and action at law.

ASSUMPSIT.   Heard on demurrer of plaintiff to defendant's special plea in bar.   Demurrer sustained.

(1)     PER CURIAM.   The defendant's special plea in bar rests on the assumption that the bringing of the suit in equity by the plaintiff against Peter Doyle and the defendant was an election of his remedy, and that such an election is a bar to the present suit.   We do not think, however, that the mere bringing of the suit in equity, it not having proceeded to final decree, amounts to an election (*Jenks* v. *Smith*, 14 R. I. 634 ; *Quidnick Co.* v. *Chafee*, 13 R. I. 367, 369), and therefore we are of opinion that the plea is not sufficient.

(2) The defendant's remedy is by motion to require the plaintiff to elect whether he will proceed in the suit in equity or by the present action.

The demurrer is sustained and the plea overruled.   Case remitted to the Common Pleas Division for further proceedings.

*John W. Hogan*, for plaintiff.
*Andrew B. Patton, pro se ipso.*