ROSSLYN JONES, *Appellant,* v. THE FLORIDA LAKELAND HOMES COMPANY, A CORPORATION, ET AL., *Appellees.*

Opinion Filed May 22, 1928.

Petition for Rehearing Denied July 7, 1928.

*G. P. Garrett* and *W. M. Toomer,* for Appellant;

*Howell & Phillips,* for Appellee.

CHILLINGWORTH, Circuit Judge:

This is an ordinary mortgage foreclosure suit, except that the defendant, Rosslyn Jones, contends that the final decree should have dismissed the bill as to him rather than extinguish his claim or interest in the land.

It seems that the Florida Lakeland Homes Company owned a large tract of land in Polk County. The Company made a contract to sell the land to one Gatlin. Gatlin was used as a figurehead for Thomas. Thomas interested the appellant Rosslyn Jones in the land, and in the name of Thomas-Moores Company, made a contract to sell the land to Jones. Jones did not record his contract. Later the Florida Lakeland Homes Company conveyed the land to Gatlin, who in turn gave a purchase money mortgage which was foreclosed in this suit.

The appellant Jones contends that persons having interests in the property paramount to the mortgage sought to be foreclosed are generally neither necessary nor proper parties to the foreclosure suit, because the only proper object of the proceedings is to bar all rights subsequent to the mortgage. This rule is well established. Jones on Mortgages, 8th Edition, Vol. 3, page 299, 19 R. C. L. 529; Coy v. Downie, 14 Fla. 544.

However, in the instant case Jones is not shown to have had an interest, paramount to the mortgage lien. The evidence does not show that the Florida Lakeland Homes Company had any knowledge, either actual or constructive, of an assignment of the contract of purchase, or of a contract

of purchase held by Jones, before the conveyance of the land and the acceptance of the purchase money mortgage.

It appears that prior to the consummation of the transaction between Florida Lakeland Homes Company and Gatlin, Dr. Barton, president of the Florida Lakeland Homes Company, had a conversation with an attorney, who represented the Thomas-Moores Company. This attorney had an opinion on the title which was exhibited to Dr. Barton, and which opinion contained in it the name of Rosslyn Jones, who was unknown to Dr. Barton. Dr. Barton inquired of this attorney about Jones, and the attorney replied that he presumed Jones was the purchaser.

There was nothing more said about the matter.

This is not sufficient notice to bind the complainant corporation, Florida Lakeland Homes Company on any outstanding contract of Jones. That company had no knowledge of any of the terms of any contract held by Jones. It did not know whether Jones had ever received a binding contract, or any contract from any one for the purchase of the land. It had no reason to believe that Jones was an assignee of any of the rights of Gatlin, for on the face of the contract which the Florida Lakeland Homes Company gave to Gatlin, it was a non-assignable contract.

Jones was charged with knowledge of the fact that the Florida Lakeland Homes Company owned the land, and that so far as the public records disclosed, neither the Thomas-Moores Company nor Thomas or Gatlin had any interest in it, for that was the state of the records in Polk County. Latin-American Bank v. Rogers, 87 Fla. 147, 99 So. 546. Jones did not attempt to give any notice to the owner of the property, nor did Jones place his contract on record until after the mortgage was recorded, nor did he do anything else except to rely on the good faith of the Thomas-Moores Company, and of Thomas.

As we held in the case of Melton v. Michigan Trust Company, 93 Fla. 64, 111 So. 513, it is necessary that notice be given to the vendor that the assignee has acquired rights under an assignment of the contract before the assignee can enforce the contract against the vendor. We do not believe the facts in this case come within the rule to show actual knowledge. Rambo v. Dickenson, 92 Fla. 758, 110 So. 352. To approve notice of this sort would render it impossible for any vendor of land to safely convey to his vendee, even though the public records disclosed no one else had any interests under the vendee, if the vendor had heard, even through hearsay that some third person had some interest in the purchase of the land.

In view of the conclusion we reach, it is unnecessary to discuss the other matters presented in the record.

Affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the Circuit Court in this cause be, and the same is hereby, affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.