ELIZABETH DEAN, a single woman suing for the use of W. F. Zimmerman, *Plaintiff in Error*, vs. JENNIE C. KANE and her husband, T. EDWARD KANE, *Defendants in Error*.

143 So. 656.

· Division B.

Opinion filed September 28, 1932.

*E. L. Bryan*, for Plaintiff in Error;

*Baya & Baya, J. D. Moran* and *W. A. O'Neill*, for Defendants in Error.

DAVIS, J.—This is a writ of error taken to an order granting defendant a new trial after verdict for the plaintiffs below in an ejectment suit brought to recover possession of land under a tax deed. The nature of the relationship

between Elizabeth B. Dean, who acquired the tax deed, and her assignee, W. F. Zimmerman, and the land owner who failed to pay his taxes in consequence whereof the tax deed issued, is set forth in the opinion of this Court in the case of Kane v. Eustis, decided at the present term, not yet reported.

The declaration in the case was in the usual form and the sole plea was "not guilty." At the trial defendants below, Jennie C. Kane and her husband, T. Edward Kane, relied upon proof of an equitable estoppel against Zimmerman to defeat Elizabeth B. Dean's recovery of the land under her tax deed, for the benefit of her grantee, Zimmerman, who was the real party plaintiff.

Equitable estoppel as a defense in ejectment cases is admissible in this State under the plea of not guilty. Kelsey vs. Lake Childs Co., 93 Fla. 743, 112 Sou. Rep. 887. Evidence tending to prove an equitable estoppel was therefore admissible under the issues made in this case.

The law of this State is that a tax title has nothing to do with the previous chain of title and is not in any way connected with it, but that it is the breaking up of all previous titles and extinguishes and destroys all other titles and ordinary liens and consequently the issuance of a *valid* tax deed creates in the purchaser a new and original title entirely disconnected with that of the former owner, going back no further than the tax sale and not encumbered with any previous lien or collateral interests subordinate to the dignity of the tax lien as fixed by the statute in relation to other liens and collateral interests. See Stuart v. Stephanus, 94 Fla. 1087, 114 Sou. Rep. 767.

But equitable estoppel may arise against the assertion of a paramount tax deed title as between persons holding encumbrances on the property when it was allowed

to be sold for unpaid taxes. See Kane v. Eustis, *supra,* decided at the present term.

The evidence in the case at bar tended to show that Zimmerman, a second mortgagee under Kane, as mortgagor, was *equitably estopped* to assert as against Eustis, a first mortgagee, a paramount tax title to the mortgaged property, under a quit claim deed made to Zimmerman by Elizabeth B. Dean, who had applied for and obtained a tax deed on the mortgaged property. This equitable estoppel was sufficient to preclude Zimmerman, the real party in interest as plaintiff in the Court below, from obtaining a judgment in ejectment against Kane, the mortgagor in possession, which judgment was shown to be intended to be used by Zimmerman as a basis for asserting a paramount claim on his part as against the rights of both Kane, the mortgagor, and Eustis, the first mortgagee.

Therefore the Court below was not in error in granting the motion to set aside a verdict awarding the land to Elizabeth B. Dean, for the use of Zimmerman, who was shown by substantial evidence to be equitably estopped to have or enjoy the paramount effect such judgment, if entered, would have as against the rights of the first mortgagee, Eustis.

Granting a motion for a new trial is not necessarily error, even though it be conceded that the motion of defendant below for a directed verdict was properly denied and the case rightfully submitted to the jury for determination of disputed facts. Carney v. Stringfellow, 73 Fla. 700, 47 Sou. Rep. 866.

Order granting new trial affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.