G. L. GROOVER, *Appellant*, vs. KENNETH W. STAFFORD, et al., *Appellees*.

145 So. 252.

Division B.

Opinion filed December 15, 1932.

Petition for rehearing denied January 9, 1933.

*Ernest E. Roberts, Albert B. Bernstein* and *Nicholas Hodson*, for Appellant;

No appearance for Appellees.

DAVIS, J.—The sole question presented by the record in this case is whether or not the grantee named in a warranty deed from a tax deed holder may bring a suit to foreclose the tax deed as provided by Chapter 14572, Acts of 1929. The lower court decided the question in

the negative by sustaining a motion to dismiss appellant's bill for want of equity. The present appeal is from that order.

The statute involved in the present case is Section 13 of Chapter 14572, Acts of 1929, and reads as follows:

"Any holder of a certificate of tax sale or a tax deed therefor, whether heretofore or hereafter issued, including the State of Florida, is hereby authorized on and after January 1st, 1930, to file a bill in chancery to foreclose the lien of such certificate or deed, and the practice, pleading and procedure for foreclosure shall be in accordance with the practice, pleading and procedure for foreclosure of mortgages on real estate, except as herein otherwise provided and except that no personal judgment shall be given. No suit shall be brought on any tax sale certificate until after expiration of two years from the date of the certificate nor shall the State commence any such suit before the time hereinafter provided for such suit by the State."

The outstanding purpose of our present system of tax enforcement procedure is to give purchasers of tax certificates and holders of tax deeds procured thereon, every reasonable assurance that can be given by State law to support the validity of that which the State has undertaken in good faith to convey to tax certificate purchasers as a means of raising ready cash through attracting buyers at tax sales, and in order that essential revenue for the State may be realized from such sales in cases where the property taxes imposed by the State on lands are allowed to become and have remained delinquent past the statutory period of redemption.

Under the statute any "holder" of either a tax certificate or of a tax deed, may foreclose it. But the word "holder" is not the equivalent of the word "grantee" and therefore does not embrace the grantee under a warranty deed from the holder of a tax deed.

Affirmed.

Whitfield, P.J., and Terrell, J., concur.

Buford, C.J., and Ellis and Brown, J.J., concur in the opinion and judgment.

### On Petition for Rehearing.

Per Curiam.—The precise language of Section 13 of Chapter 14572, Acts of 1929, is that: "Any holder of a certificate of tax sale or a tax deed therefor" is authorized to file a bill in chancery to foreclose the same. The latter phrase "Tax deed therefor," when read in connection with what precedes it in the statute, should be construed to have the same meaning as if the statute had said: "Any holder of a certificate of tax sale or any holder of a tax deed issued to the holder of a certificate of tax sale, etc." since the word "therefor" appearing after the words "tax deed" must be given some significance.

Assuming, but not deciding in this case, that the equitable rights of the "holder" of a tax deed that has been issued to the holder of a tax certificate, may be assigned by an appropriate instrument and vested in an *assignee* as such, so as to authorize the *assignee* to exercise the same right of foreclosure that could have been exercised by the tax deed holder, no such case is presented by this appeal.

This case was brought by the *grantee suo jure,* not as an assignee. Nor did he take the status of a mere assignee when he accepted a warranty deed from the tax deed grantee presumptively as an attempted conveyance of the legal title. To authorize foreclosure of a tax *deed,* it must be dealt with not as a muniment of title, but as evidence of an unsatisfied lien for unpaid taxes. Chapter 14572 permits a tax deed holder to so deal with a tax deed at his option.

Rehearing denied.

Buford, C.J., and Whitfield, Terrell and Davis, J.J., concur.