HARRY W. HECHT, and Trustees of the Internal Improvement Fund of the State of Florida, *Appellants,* vs. MATTIE SUE WILSON, *Appellee.*

144 So. 886.

145 So. 250.

Division B.

Opinion filed December 15, 1932.

Petition for rehearing denied January 11, 1933.

*Ira C. Haycock, Cary D. Landis,* Attorney General and *Marvin C. McIntosh,* Assistant, for Appellants;

*H. H. Eyles,* for Appellee.

DAVIS, J.—The appellee, complainant below, filed her bill to foreclose a $10,500.00 mortgage upon certain lands

described in her bill. The mortgagors were made parties defendant.

But in addition to the mortgagors, there were others made parties defendant because (so it is alleged) they claimed some right, title or interest in the property which was alleged to be inferior and subordinate to the claim of foreclosure being advanced by the mortgagee. These added defendants were the Trustees of the Internal Improvement Fund, Harry W. Hecht, his wife, Hester H. Hecht, and Charles J. White. The Trustees and Harry W. Hecht answered. It is from an order striking their answer and a subsequent amended answer, that this appeal is taken.

Briefly stated, the controversy presented by the appeal is whether or not it was error, under Chapter 14658, the 1931 Chancery Act, for the Court below to have ordered stricken, the answers of the Trustees, and of Harry W. Hecht, which averred in substance that the answering defendants claimed title to the property, paramount and superior to the title of the defendants in foreclosure, R. M. Davidson and Dorothy Dean Davidson, as mortgagors, and to Mattie Sue Wilson, as mortgagee, under and by virtue of certain tax deeds which had been issued by the Trustees of the Internal Improvement Fund to the defendant Harry W. Hecht, by virtue of which the Trustees had undertaken to convey to Hecht the absolute fee simple title to the land in controversy, for non payment of certain assessed Everglades Drainage District taxes.

This Court has recently re-affirmed the doctrine that the issuance of a valid tax deed creates in the purchaser a new and original title, entirely disconnected with that of the former owner, and not incumbered with any previous lien subordinate in dignity to the tax lien. Dean v. Kane, 106 Fla. 814, 143 Sou. Rep. 656. There is no such controversy here as was involved in Kane v. Eustis, 106 Fla. 817, 143 Sou. Rep. 655, where we also held that in a foreclosure case,

that a tax deed acquired by a second mortgagee could not ordinarily be set up as a paramount title as against the rights of a first mortgagee, *because of the equitable relations between* a first and second mortgagee with reference to the mortgaged premises. Here the claim of Hecht to title paramount involves no alleged equitable relation claimed to have existed between the complainant, mortgagee, and Hecht, as to the mortgaged land, when the tax deed held by Hecht was acquired.

So the real question to be considered is, whether or not a claim by a mortgagee that an outstanding tax deed is void as against the land constituting the subject matter of the mortgage, presents an *equitable controversy* which can be properly raised and decided in a foreclosure suit, because of the terms of the 1931 Chancery Act, which provides that:

"All persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs, *and any person may be made a defendant who has or claims an interest adverse to the plaintiff.*" Section 8, Chapter 14658.

Our conclusion is that no *equitable* controversy is presented by such a claim, and that the provision of the Chancery Act above quoted, does not have the effect of abrogating the rule on the subject, which was laid down by this Court in Brown v. Atlanta Building & Loan Ass'n, 46 Fla. 492, 35 Sou. Rep. 403.

In the case just cited, this Court, speaking through MR. JUSTICE MAXWELL, said:

"The question presented by this record is that of the right of a complainant, in filing a bill for foreclosure of mortgage, to join as a party defendant thereto one holding adversely to both mortgagor and mortgagee under a claim of paramount title. The advantage of such a course to the complainant, if permissible, is obvious, as it enables him in one litigation to remove all obstacles to the enforcement of his debt, and to expose the mort-

gaged property for sale, freed from the cloud of an adverse claim of title. To the adverse claimant the practice is objectionable as entangling him in a contest between mortgagor and mortgagee with which he has no concern, and as depriving him, when in adverse possession of the premises, as is claimed here, of his right of trial at law and by jury.

The general rule undoubtedly is that the proper scope of a foreclosure suit is merely to enforce the mortgage lien against the title or interests of the mortgagor and those claiming under him, and the great weight of authority sustains the view that, without special features of equitable nature to authorize such action, one claiming adversely to both mortgagor and mortgagee by paramount title cannot be joined as a defendant to the suit."

We regard the rule just stated as sound, and as applicable to the controversy raised in the court below by the stricken answer and amended answer of the appealing defendants, Trustees of the Internal Improvement Fund and Harry W. Hecht. See also Jones v. Florida Lakeland Homes Co., 95 Fla. 964, 117 Sou. Rep. 228.

Section 8 of Chapter 14658, Acts of 1931, known as the 1931 Chancery Act, relied on by the appellees* to support the ruling of the Chancellor below to the contrary of the above stated proposition, is practically the same as Federal Equity Rule No. 37 on the same subject. See McCarthy's 1931 Florida Chancery Act Annotated, page 13.

It has been held in the Federal Courts that parties *claiming* title superior to the lien of a mortgage being foreclosed, are not proper parties to the foreclosure suit. Wood v. Franklin Life Ins. Co. (C. C. A. 5th Circuit), 17 Fed. (2nd) 80. The Federal holding is in line with our own as hereinbefore stated by us.

We hold, therefore, that where defendants are made

---

*This suit was started before Chapter 14658, Acts of 1931, became effective. For the purposes of this case, we have considered the 1931 Act as controlling, because it seems to have been applied without serious questioning by the parties in the court below as to its applicability as governing the procedure to be followed.

parties in a foreclosure suit, on the theory that they have or claim an interest in the land inferior to the lien of the mortgage, but such defendants file an answer containing averments to the effect that they are neither necessary or proper parties, and are improperly joined, because they claim a title superior to the lien of the mortgage, that the answer should, when reasonably definite to apprise the Court of the nature of the superior claim, be held good as against a motion to strike, and that if it is admitted or sustained as true, that such answering defendants should be dismissed out of the forecloure suit.

This holding does not lose sight of the argument advanced by appellee that in this case the tax deed relied on by the answering defendants as constituting superior title, is claimed by the mortgagee to be wholly void, and therefore a nullity. But even so, a court of equity whose jurisdiction has been invoked to foreclose a mortgage is not the proper forum to adjudge it so, *in the absence of special features of equitable nature* to authorize such action. Brown v. Atlanta National Building & Loan Ass'n, *supra.*

The orders appealed from should be reversed, and the cause remanded for appropriate proceedings according to equity practice, and it is so ordered.

Reversed and remanded with directions to dismiss the claimants under the tax deed as defendants.

WHITFIELD, P.J. AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., dissents.

---

ON PETITION FOR REHEARING.

PER CURIAM.—If, as we have held in our opinion of December 15, 1932, the complainant, in filing a bill to foreclose his mortgage, has no right to *join as a party* defendant thereto, one holding adversely to both mortgagor and

mortgagee under a claim of paramount title, and if, as we have also held, one who *claims* under a tax deed is to be deemed to be one holding under a paramount title, the showing in an answer that a defendant joined as such party defendant claims solely and only under a tax deed, whether rightfully or wrongfully in law, is sufficient to bring such defendant within the rule entitling such defendant to be relieved from *litigating* his claim in the foreclosure suit, and is sufficient to entitle such defendant to dismissal from the cause as not having been a proper party defendant to the foreclosure suit when it was first begun. See Wood v. Franklin Life Ins. Co., 17 Fed. (2nd) page 80.

Undoubtedly the mere assertion of a paramount claim by a defendant does not preclude the Court from proceeding to determine in the foreclosure case whether a tax deed has in fact, been issued covering the mortgaged property, before making an order dismissing, as to such defendant. Nothing in our first opinion was intended to so hold.

But to acknowledge the jurisdiction of the Court to enter upon any inquiry, however limited, as to the *validity* of a tax deed that has, in fact, been issued, would be to hold that in a foreclosure case the Court may proceed to adjudicate to some extent at least, *claims* of paramount title, adverse to both mortgagor and mortgagee, which is not a permissible procedure under the rule laid down in Brown v. Atlanta National Bldg. & Loan Assn., 46 Fla. 492, 35 Sou. Rep. 403.

In the case last cited this Court declared that the "scope of a foreclosure suit" is *merely* to enforce the mortgage lien against the title or interests of mortgagor, and those claiming under him.

A tax deed holder *claims* under a new and original title, entirely disconnected with that of the former owner or mortgagor. Dean v. Kane, 106 Fla. 814, 143 Sou. Rep. 656.

If his claim is invalid because his deed is ineffective to convey him the paramount title he claims, that question can, of course, be adjudicated and decided, but not in a foreclosure suit between a mortgagor and mortgagee who dealt with the land under the pre-existing title that the tax deed would have destroyed when it was issued, if such tax deed be not held to be invalid in a proper suit.

A tax certificate which has ripened into title under a statute providing that such certificate, after two years, shall be deemed to vest title in fee simple in the Trustees of the I. I. Fund, is to all intents and purposes, in legal effect, a tax deed so far as the law on the subject we are now discussing is concerned.

The Court did not overlook the appellee's contention to the effect that the tax certificate (or deed) in question was a nullity because it was claimed to have been issued on lands not subject to tax. The original opinion discloses a discussion of that point.

But we find no consistency in adhering to a rule that has for years limited the *scope* of a foreclosure suit to an enforcement of the mortgage lien sued on, and at the same time making an exception to it that would permit, in a foreclosure suit, a party claiming under an adverse tax certificate (or deed) whether void on its face or not, to be made a party defendant for the purpose of having the foreclosure deed operate as an *adjudication* that such defendant's claim of paramount title was not valid, whether the invalidity was apparent on the face of the evidence of the paramount claim or not.

This Court must either follow the general rule laid down in Brown v. Atlanta National Bldg. & Loan Ass'n., *supra,* or hold that it is no longer in effect. The *scope* of a foreclosure case is either broad enough to allow *adjudication* of adverse paramount tax titles or liens, or it is not. So far as *adjudication* is concerned, it makes no difference

whether the *adjudication* is made on the basis of what appears on the face of the claim, or through a showing *de hors*. The effect of the adjudication is the same in either case, and the reason for limiting the *scope* of foreclosure proceedings would be as much defeated by the one procedure as by the other.

We are inclined to agree with appellee that in the course of orderly procedure, the dismissal of a defendant claiming under a paramount tax title or tax lien should not be made until the claim *prima facie* made to appear by an offer in evidence of its supporting proof, such as the actual tax certificate or deed itself, tendered in support of the answer, if the claim is not otherwise admitted or conceded. We sustain the petition for re-hearing on this point and modify our direction to dismiss accordingly.

The order appealed from should stand reversed and the cause remanded with directions for further proceedings not inconsistent with this and the original opinion in this cause.

The petition for re-hearing is denied.

DAVIS, C.J. AND WHITFIELD, TERRELL AND BUFORD, J.J., concur.