## O. W. McCORMICK v. F. H. BODEKER.

160 So. 483.
Division A.
Opinion Filed April 4, 1935.

*Buie & Hippler*, for Plaintiff in Error;
*Thomas H. Cooley*, for Defendant in Error.

WHITFIELD, C. J.—The declaration in effect alleges that F. H. Bodeker agreed in writing to purchase described lands from R. S. McCormick; that Bodeker having failed to carry

out his agreement, R. S. McCormick brought suit for specific performance of the contract to purchase the land; that by final decree the court found $1,520.48 and costs to be due R. S. McCormick, and ordered the clerk to file and record a deed conveying the lands by R. S. McCormick and wife to Bodeker, who was ordered to pay R. S. McCormick the sum of $1,520.48 and costs, the same to be a lien on the lands; that in default of payment the property be sold and the proceeds used to pay the amounts found to be due to R. S. McCormick; that such decree was affirmed on appeal; that thereafter R. S. McCormick "for a valuable consideration did grant, assign, transfer and set over (to plaintiff) said final decree, together with all his rights by reason of said decree, the money due and to become due by reason thereof, with interest thereon as by said decree provided to complainant"; that afterwards the property was sold to complainant for $300.00, and the sale confirmed under the decree, leaving "a balance remaining due and unpaid to plaintiff in amount $1,664.18 with interest; that defendant Bodeker has failed and refused to pay said sum, wherefore plaintiff sued defendant.

The second count is for money payable by defendant to plaintiff in the sum of $1,684.18 for balance due under the decree. A copy of the decree is attached as a part of the declaration.

The defendant demurred to the declaration and each count thereof severally on grounds:

"1. The declaration does not state a cause of action.

"2. The declaration shows on its face an election of remedies in that a suit for specific performance of the contract mentioned in the declaration had previously been instituted and carried to a successful conclusion against this defendant.

"3. The declaration discloses that this action is simply an attempt to enforce a deficiency decree without alleging the issuance of any such decree and without alleging any legal predicate for the issuance of any valid deficiency decree in the action for specific performance of contract mentioned in the declaration.

"4. The declaration discloses that no decree for deficiency could validly have been entered in the suit for specific performance mentioned in the declaration.

"5. The declaration discloses that defendant owes plaintiff nothing on the judgment mentioned in the declaration, the declaration showing a satisfaction of said judgment by judicial sale of property involved.

"6. The plaintiff is estopped from bringing this instant action by reason of the previous election to proceed in equity."

The demurrer was sustained and the plaintiff amended the declaration by enlarging its allegations without changing the nature and substance of the cause of action stated.

A demurrer to the amended declaration on grounds similar to those above quoted was sustained, and the plaintiff declining to further amend, final judgment on the demurrer was rendered for the defendant.

The plaintiff took writ of error assigning as errors:

"1. The Circuit Judge erred in sustaining the Demurrer to Plaintiff's original Declaration.

"2. The Circuit Judge erred in making and entering his Final Judgment sustaining the Demurrer to Plaintiff's amended Declaration, and entering Final Judgment against Plaintiff.

"3. Wherefore, Plaintiff asks that said Judgment and Orders in said cause be set aside, and said cause remanded for further proceedings."

The question to be determined is whether the final decree rendered in the suit for specific performance is a bar to the action to recover a balance due on the contract to purchase land after applying the proceeds of the sale of the land under the lien decreed for the purchase price.

"Where the law affords several distinct but not inconsistent remedies for the enforcement of a right, the mere election or choice to pursue one of such remedies does not operate as a waiver of the right to pursue the other remedies. In order to operate as a waiver or estoppel the election must be between co-existent and inconsistent remedies. To determine whether co-existent remedies are inconsistent, the relation of the parties with reference to the right sought to be enforced as asserted by the pleadings should be considered. If more than one remedy exists, but they are not inconsistent, only a full satisfaction of the right asserted will estop the plaintiff from pursuing other consistent remedies. All consistent remedies may in general be pursued concurrently even to final adjudication; but the satisfaction of the claim by one remedy" prevents the use of "other remedies. If in fact or in law only one remedy exists and a mistaken remedy is pursued, the proper remedy is not thereby waived. Where more than one remedy for the enforcement of a particular right actually exists, and such remedies considered with reference to the relation of the parties as asserted in the pleadings, are inconsistent, the pursuit of one with knowledge of the facts, is in law a waiver of the right to pursue the other inconsistent remedy." Amer. Process Co. v. Fla. White Press Brick Co., 56 Fla. 116, text 122-3, 47 So. 942.

"Where the remedies afforded are inconsistent it is the election of one of such remedies which operates as a bar; but where the remedies afforded are consistent it is the

satisfaction of the claim which operates as a bar." 20 C. J. 8. See also McKinnon v. Johnson, 59 Fla. 332, 52 So. 288.

Even if the remedies of specific performance in equity and action for breach of contract to purchase lands, are not inconsistent remedies so that the mere *bringing* of the equity suit operated as an election of remedies binding on the plaintiff and his privies, final decree was rendered in the equity suit which operates to bar this action, even though the execution of the decree by impressing a lien thereon and the sale of the lands with the application of the proceeds to the amount of the purchase price decreed to be paid, leaves a balance unpaid of the amount decreed. The lien impressed upon the land for the purchase price was not a contract lien or mortgage, but a lien decreed by the court as a means of enforcing specific performance of the contract to purchase the land.

The vendor plaintiff elected to invoke the remedy of specific performance of the contract to purchase the land.

The vendor plaintiff elected to invoke the remedy of specific performance which involves results different from those in an action for the purchase price of the lands; and this was known to the plaintiff when the equity suit for specific performance was brought and the plaintiff in that suit is bound by his election. The plaintiff in this action has no greater rights than his assignor, the plaintiff in the equity suit had.

A deficiency decree in suits for the specific performance of contracts to purchase land are not authorized in this State and no such decree was rendered in the equity suit referred to in this case. McCaskill Co. v. Dekel, 88 Fla. 285, 102 So. 252.

Affirmed.

Brown, and Davis, J. J., concur.

Ellis, P. J., and Terrell, and Buford, J. J., concur in the opinion and judgment.