C. H. WILLIAMS, *et ux.,* J. M. WILLIAMS, *et ux.,* C. H. WILLIAMS and J. M. WILLIAMS, Partners doing business under the Firm name and style of WILLIAMS BROTHERS, and CONSOLIDATED NAVAL STORES COMPANY, v. S. P. ROBINEAU, as Trustee, E. B. HAND, as Trustee under the Will of HENRY M. WALLIS, Deceased, JESSIE C. PETIT, and THE GULF FERTILIZER COMPANY, THE AMERICAN AGRICULTURAL & CHEMICAL COMPANY.

168 Sou. 644.
Division B.
Opinion Filed May 28, 1936.
Rehearing Denied June 26, 1936.

*J. C. Adkins* and *Winston E. Arnow,* for Appellants;
*M. S. McGregor,* for Appellees.

TERRELL, J.—S. P. Robineau as trustee filed his bill of complaint in Gilchrist County to foreclose a mortgage, C. H. Williams and Ruth Williams, his wife, J. M. Williams and Rosa L. Williams, his wife, Consolidated Naval Stores Company, and others, were named as parties defendant. C. H. and J. M. Williams, as partners under the firm name of Williams Brothers, filed their answer and cross bill in which they resist the foreclosure by alleging their ownership of tax deeds covering a portion of the lands described in the mortgage. The cross bill prays for foreclosure of their tax deeds under Chapter 14572, Acts of 1929, Laws of Florida.

S. P. Robineau as trustee answered the cross bill in which he admitted the tax deeds and the priority of the

liens created by them but resisted their foreclosure on the ground that the lien so created had been legally discharged and exhausted by rents and profits taken from the lands by Williams Brothers during a period of years they were worked and used by them (Williams Brothers) for turpentine and timber purposes.

After Robineau filed his answer to the cross bill Williams Brothers in due course moved to be permitted to amend the latter by striking that portion praying for foreclosure of it under Chapter 14572, Acts of 1929. This motion was denied, a receiver was appointed, and an examiner was designated to take and report the testimony. Williams Brothers then renewed their motion to be permitted to amend their cross bill. This motion was denied and Williams Brothers prosecuted the instant appeal.

Did the Chancellor commit error in refusing to permit Williams Brothers to amend their answer and cross bill to Robineau's bill to foreclose, is the sole question we are called on to answer.

Appellees contend that this question should be answered in the negative for the reason that when Williams Brothers filed the cross bill and prayed foreclosure of their tax deeds under Chapter 14572, Acts of 1929, they elected between inconsistent remedies and are now bound by their election. They rely on Groover v. Stafford, 107 Fla. 410, 145 So. 252; Campbell v. Kauffman Milling Co., 42 Fla. 328, 29 So. 435; Ziegler v. Brown, 112 Fla. 421, 150 So. 608; McCormick v. Bodeker, 119 Fla. 20, 160 So. 483; and Intertype Corporation v. Pulver, 2 Fed. Supp. 4, to support their contention.

Appellants contend on the other hand that this question should be answered in the affirmative because of the liberal provision for amendment contained in Chapter 14658,

Acts of 1931, Section 4902 (7) Compiled General Laws of 1927, 1934 Supplement, better known as the 1931 Chancery Act. Appellants also contend that what they had in this case was a choice between substantive rights rather than a choice between inconsistent adjective remedies and being so the law governing the latter has no application in this case.

The distinction between substantive rights and inconsistent remedies is well recognized. United States v. Oregon Lumber Co., 260 U. S. 290, text 307, 43 Sup. Ct. 100, 67 L. Ed. 261; Robb v. Vos, 155 U. S. 13, 15 Sup. Ct. 4, 39 L. Ed. 1070; Schenck v. State Line Tel. Co., 238 N. Y. 308, 144 N. E. 592, and cases there cited. The election between inconsistent remedies has no reference to transactions giving rise to distinct and independent grounds of action which may be concurrently or consecutively pursued, such as an action for the hire of personal property and one for damages to the property while held by the bailee, or where a choice between substantive rights is involved as when one by his word or conduct ratifies and makes valid an unauthorized transaction otherwise void, as exemplified in Robb v. Vos, *supra*.

To support their contention of choice between substantive rights appellants contend that they had an election between inconsistent adjective remedies, that is to say, they could have prayed for a decree quieting their title under the doctrine laid down in Stuart v. Stephanus, 94 Fla. 1087, 114 So. 767, or they could have prayed to be dismissed from the foreclosure under the rule announced in Brown v. Atlantic National Building & Loan Ass'n, 46 Fla. 492, 35 So. 403; Hecht v. Wilson, 107 Fla. 421, 144 So. 886, 145 So. 250; see also Jones v. Florida Lakeland House Company, 95 Fla. 964, 117 So. 228.

We have read Stuart v. Stephanus, *supra,* and other cases relied on to support this contention but we have decided that the decision below must be reversed on another ground and since we do not have the advantage of adversary argument on this point we express no opinion in reference to it.

The doctrine of the election of remedies is an application of the doctrine of estoppel on the theory that the one electing should not later be permitted to avail himself of an inconsistent course. If appellants had not in law made a binding election or if they had not by their acts raised an equitable estoppel against themselves they should have been permitted to amend under the 1931 Chancery Act.

An election of remedies presupposes a right to elect. It is a choice shown by an overt act between two inconsistent rights, either of which may be asserted at the will of the chooser alone. It is generally conceded that to be conclusive it must be efficacious to some extent. A position taken which does not injure the opposite party is not an election which precludes a change or raises an estoppel. The election is matured when the rights of the parties have been materially affected to the advantage of one or the disadvantage of the other.

Some courts hold that when an action has been commenced as the result of choosing between two inconsistent remedies the election is made and the estoppel is raised while others hold that when a choice of remedies has been made it cannot be withdrawn or reconsidered even though no injury has been done, nor would be done by setting it aside. See cases cited in 9 R. C. L. at pages 960 and 961. This rule also applies to a choice of defenses.

The more liberal rule and the one adopted by most jurisdictions is in effect that the mere bringing of an action or

suit which is dismissed before judgment, where no advantage has been gained or detriment occasioned no element of estoppel has arisen and no election can be said to have been made. 9 R. C. L. 961; Register v. Carmichael, 169 Ala. 588, 53 So. 799, 34 L. R. A. (N. S.) 309; Cohoon v. Fisher, 146 Ind. 583, 44 N. E. 664, 45 N. E. 787; Gridley v. Ross, 37 Idaho 693, 217 Pac. 989; McClure Estate Inc. v. Fidelity Trust Co., 243 Mass. 408, 137 N. E. 701; Hurmiston Keeling & Co. v. Bridgman, 195 Mich. 82, 161 N. W. 853; Hartford Life Ins. Co. v. Patterson (Tex. Civ. App.), 231 S. W. 814; Kehoe v. Patton, 21 R. I. 223, 42 Atl. 868; McIntosh v. Lynch, 78 Okla. 85, 188 Pac. 1079.

In our view the rule last cited is the better one and is approved by this Court but to be effective and raise an estoppel the remedies must be both coexistent and inconsistent. If the remedies are several and consistent the election of one does not operate to waive the others. Only full satisfaction of the right asserted will raise an estoppel to the pursuit of consistent remedies. The relation of the parties. to the right sought to be enforced may determine whether coexistent remedies are inconsistent. McCormick v. Bodeker, 119 Fla. 20, 160 So. 483. An attempted exercise of an assumed remedy which turns out to be abortive will not preclude one from resorting to another.

The tendency has been to contract rather than extend the admittedly harsh and sometimes said to be obsolete doctrine of the election of remedies. In the case at bar appellants were defendants below and prayed for the foreclosure of a lien offered as a defense to the main suit. While the suit is yet pending before an issue is made, before any testimony is offered or the position of the parties is in any respect whatever affected they come into Court and pray to dismiss their counter suit.

The purpose of the liberal provision for amending pleadings under the 1931 Chancery Act was to arrive at the substantive rights of the parties. In view of this fact and that nothing had been done to change the position of the parties to raise an estoppel, if there was an election, when Williams Brothers prayed to foreclose their tax deeds under the facts in this case they should have been permitted to amend.

It follows that the order apepaled from must be and is hereby reversed.

Reversed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.