HOME SAVINGS BANK *vs.* BARTOLOMEO ROLANDO *et al.*

JULY 25, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   This is a suit in equity in which the complainant, a Massachusetts corporation carrying on a savings bank business in the city of Boston, seeks to obtain, as being its equitable property, a certain savings deposit of $1630, plus some interest, in the bank in the city of Providence owned and operated by the respondent Lincoln Trust Company. This deposit was made and still stands on the books of that trust company in the names of two of the respondents, Linda J. Aymo and Domenico G. Paolino; and it is undisputed that when the deposit was made, the money represented a part of a sum which had previously been paid by the complainant to the respondent Rolando, in his capacity as executor of the will of Francisco Marsicano, late of the city of Providence, deceased.

Out of this deposit, Frank D. McKendall, the only other respondent, claims to be entitled to the sum of $1400, plus interest, as collateral security for the repayment to him, by

said Linda J. Aymo and the respondent Rolando of that sum, which he claims to have loaned to her in part and to Rolando in part and which is represented by her promissory note to McKendall for that sum, payable on demand. This claim he bases on a written order by her to the trust company to pay to his order that sum out of the deposit. That order was accomplished by the delivery by her to him of the bankbook evidencing this deposit. He also denies that when he loaned the money and received the security for it, he had any knowledge or notice of the complainant's claim to the deposit.

The complainant, in its bill of complaint, mainly bases its claim to the disputed fund on the facts, which were clearly proved and are not now in question, that the money which was paid by it to the defendant Rolando as executor of the will of Francisco Marsicano, and of which the disputed fund represents a part, was paid in the belief that this Marsicano was the owner of a savings bank deposit in its bank in Boston, whereas in fact that deposit, as the complainant learned after it had paid the amount of the deposit to the respondent Rolando, as executor as aforesaid, belonged to another man by the name of Francisco Marsicano; that it demanded of that respondent the repayment of this money so paid, but he refused to repay it or any part of it. It is not in dispute that the deposit did belong to the other Marsicano, to whose account an equal amount was later credited by the complainant.

Neither of the respondents Rolando and Aymo filed any appearance in the cause; and a decree *pro confesso* was entered against them. The respondent Paolino admitted that he had no interest of any kind in the fund in dispute. The respondent Lincoln Trust Company filed an answer setting forth the facts with regard to the depositing of the fund and disclaiming any interest therein other than its interest in being protected by the court from any liability by virtue of its capacity as holder thereof.

The respondent McKendall, after filing a demurrer, which was overruled, filed an answer asserting that, because of negligence on its part in paying the money to the respondent Rolando, the complainant was not equitably entitled to get any of it back, and setting up his own claim, on the grounds above stated, to most of the fund above described, on deposit in the bank of the Lincoln Trust Company.

The cause was heard on bill, answers and evidence, before a justice of the superior court, who afterwards filed a decision in favor of the complainant, in which he made findings of fact substantially in accordance with the allegations in the bill of complaint and as above stated. In particular he found, expressly or in substance and effect, that the disputed fund was a part of the money which the complainant by mistake had paid to the respondent Rolando; that the depositing of this fund in the trust company's bank was a part of a fraudulent scheme by him and others to hinder and defraud the complainant; and that the defendant McKendall was the only respondent contesting the claim of the complainant.

He also, in his decision, found in substance and effect that it was one of the provisions of the deposit of this fund in that bank that no payment should be made from the fund, unless the order for such payment was signed by both of the respondents Aymo and Paolino; that this provision was not only in the bank records but was also on the bankbook evidencing the deposit; that although McKendall was informed of this provision, when he received the above-mentioned order, signed by the respondent Aymo alone, he never procured the signature of the respondent Paolino or tried to procure it, and the latter's consent to the order was never given; and that the respondent McKendall had not proved that he had made loans to the respondents Rolando and Aymo in reliance upon any such order or orders.

Since it is clear that the respondents Aymo and Paolino had no beneficial interest in the fund in dispute, it is necessary for the respondent McKendall, in order to be entitled to a decree awarding a part of the fund to him, to prove affirmatively that he has the legal title thereto as a *bona fide* purchaser for a valuable consideration. And even if it be conceded that he actually made the above loans in good faith, and in the expectation that he would have a completed and valid order for a payment to him out of the fund, yet the fact remains that he never received such an order, because Paolino never signed one.

Whatever equitable title the complainant had in the fund at the time when McKendall made his first loan, if he made any, was clearly prior to any equitable title which he obtained and, therefore, in order to have the final decree reversed, he must base his attack on it upon the weakness of the complainant's title to the fund, and not on the strength of his own claim of title thereto.

The trial justice found, in his decision, that the complainant had proved, by a fair preponderance of the evidence, all of the allegations of its bill of complaint, except the allegation that the respondent Rolando had by fraud procured the payment to him by the complainant of the money which it paid him; and he found further that the complainant had made this payment by mistake and without negligence.

Thereafter, in accordance with this decision, a decree was entered in the superior court in favor of the complainant, substantially repeating the findings of fact which were in the decision, and determining that none of the respondents had any interest in the fund of $1630, plus accumulated interest, held by the respondent trust company, and finding this to be in equity the property of the complainant, and ordering that this fund be paid out as directed by the complainant for its benefit, and providing for certain supplemental and incidental relief to the complainant.

Only the respondent McKendall appealed from this decree, his reasons of appeal being, in substance, that it is against the evidence and the weight thereof; that it is against the law; that the findings in the decree and in the decision are against the evidence and the weight thereof and against the law; that the court erred in admitting in evidence certain testimony offered by the complainant and objected to by the respondent McKendall; that the court erred, in its decision, in finding that the respondent Rolando committed a fraud upon the complainant; and that it erred in its decision in finding that the respondent McKendall had no interest in the fund in dispute and in overruling his demurrer to the bill of complaint.

The trial justice made his findings of fact after hearing and seeing the respondent McKendall and all other witnesses testify, except one witness, whose testimony at a previous trial was read in evidence by agreement.

After examining all the evidence and taking into consideration the admitted or clearly proven facts of the cause, we are of the opinion that we cannot properly decide that any of the findings of fact of the trial justice in his decision is clearly against the evidence or the weight thereof. As to the ground of appeal that was based on the admission of evidence against the objection of the respondent McKendall, we are of the opinion that his objection was not specific enough and that there is nothing to indicate that the decision or decree may have been based on any evidence that should not have been admitted by the trial justice. Moreover, we do not find that before us he has insisted on that ground of appeal.

As shortly stated in his brief filed in this court, this respondent's demurrer was based on certain "causes of demurrer". One of these was "That it appeared from the bill of complaint that the complainant's action, if any existed, was an action for the recovery of money alleged to

have been paid under a mistake of fact and that complainant's remedy at law would be adequate." Another one was "That on the facts set forth in the bill of complaint the remedy of the complainant in the law action was adequate." But there is nothing in the bill of complaint to show that such a remedy would be adequate.

Still another cause of demurrer was "That the bill of complaint sought to reach so-called equitable assets and that there was no allegation that a judgment at law had been obtained by the complainant and that execution thereunder remained unsatisfied." But, as was later pointed out by the trial justice in his final decision, this is not a creditor's bill, nor a bill to reach equitable assets belonging to this respondent and to have them applied to a debt owed by him to the complainant.

On the contrary, it is a bill to follow a certain fund which is a part of a larger fund paid by the complainant to this respondent under a mistake of fact and which, with the intention of concealing it from the complainant and preventing the complainant from getting it, has been placed by this respondent in the possession of another respondent, but which in equity and good conscience belongs to the complainant and can only be obtained by the complainant by resort to proceedings in equity.

The other causes of demurrer were that the bill did not set forth facts sufficient to warrant the exercise of the equitable jurisdiction of the court; that the bill alleged fraud on the part of persons who were not named as respondents in the bill but were necessary parties to the cause in the event that the complainant should attempt to prove alleged fraud by them; and that it did not appear from the bill that the fund now sought by the complainant was the same fund which was alleged in the bill to have been paid by the complainant to the respondent Rolando by mistake. Upon consideration

of these grounds, we are of the opinion that none of them was well taken.

The respondent McKendall, who will hereinafter be referred to as "the respondent", contends, in his brief, that the bill of complaint is predicated on a continuous fraudulent scheme by the respondent Rolando, beginning with the obtaining from the complainant of money to which he was not entitled, and continuing with the concealing of much of this money and placing it where the complainant could not find it and get the benefit of it; and that, because fraud by Rolando in procuring the money in the first place was not proved, "the bill of complaint must fall under the well-established doctrine announced by this Court in numerous cases that when a bill in equity alleges fraud and no fraud has been proved, the bill must be dismissed."

That doctrine has been greatly modified by statute. P. L. 1929, chap. 1338; G. L. 1938, c. 528, § 25. But neither in its original nor in its modified form does it apply in the instant cause. Here two different and distinct kinds of actual fraud by the respondent Rolando were alleged in the bill, one of them being fraud by him in procuring from the complainant bank the fund standing on its books in the name of Francisco Marsicano and the other being later fraud in concealing a part of that fund by depositing it in an account where the complainant would probably not be able to find it; and, while the first kind was not proved, the second kind *was* proved and was sufficient to support the relief asked for in the bill and granted by the decree.

The respondent also contends that it is clear from the conduct of the complainant that it elected to recover the money, which it had paid to Rolando, "by affirming the transaction rather than by rescinding it or attempting to rescind it"; and that the institution of two law actions against Rolando and his wife to recover the money, "in

which actions the complainant recognized the fund in question as the personal estate of the Rolandos", is not consistent with the claim made in the present suit.

But there is no evidence of any proceeding by the complainant that was based on an affirmance by it of its payment of money to Rolando in the mistaken belief that it had been payable to his testator, when in fact it was payable to another. man of the same name. On the contrary, every such proceeding was based on the contention that the complainant had the right to annul that transaction and recover the amount so paid. And the fact that the complainant tried first to recover the amount by *legal* proceedings, which were not successful, did not constitute an election which prevented the complainant from later resorting to *equity* for relief. 9 R. C. L. 965, "Election of Remedies," § 12. See also *Kehoe* v. *Patton,* 21 R. I. 223, 42 A. 868; Note in 13 L. R. A. (N.S.) 309.

The respondent McKendall contends that the fund in question had been paid by the respondent Rolando to Olga Rolando, his wife, and that she was a bona fide purchaser; but there is nothing to show that she has ever made any such claim, and certainly the respondent McKendall, so far as the record shows, did not make any such contention until after the cause reached this court. We are of the opinion that there is no merit in it as a reason for reversing the decree appealed from.

He contends that the complainant was guilty of culpable negligence in making the payment to Rolando as executor; and that it was also guilty of fatal laches. But the trial justice, in his decision, found that the complainant was not thus guilty of negligence, and we cannot hold that this finding was clearly against the weight of the evidence. Nor do we find any evidence which requires us to hold that the complainant was guilty of laches.

390

The respondent in his brief made some other contentions, but upon consideration we do not find that any of these are such as to justify us in discussing them in this opinion.

Upon consideration we find no merit in any of the reasons of appeal; nor do we find any good ground in fact or in law for reversing the final decree.

The appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*George F. Troy, Francis I. McCanna,* for complainant.

*Perkins, Higgins & McCabe, James A. Higgins,* for respondent, McKendall.