### In re William J. MAKAREWICZ, Debtor.

### No. 90–15898–BKC–SMW.

United States Bankruptcy Court, S.D. Florida.

Nov. 19, 1990.

---

Barbara Areces, Coral Gables, Fla., for debtor.

J. Daniel Ennis, Miami, Fla., for creditors.

Gui Govaert, Miami, Fla., trustee.

## ORDER DENYING DEBTOR'S MOTION FOR REHEARING ON ORDER GRANTING RELIEF FROM STAY

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE came before the Court on October 5, 1990, upon William J. Makarewicz's (the "debtor") Motion For Rehearing of an order entered by this Court which granted relief from the automatic stay in favor of Alan and Carol Lee Jacoby (the "creditors") pursuant to 11 U.S.C. § 362(d), and the Court having reviewed the record, having heard the arguments of counsel, and being otherwise fully advised in the premises, hereby makes the following findings and conclusions of law:

The debtor and the creditors entered into a contract for the purchase and sale of the debtor's homestead property. The contract provided that in the event the debtor defaulted or refused to perform, then the creditors could demand the return of their deposit or could proceed in law or in equity to enforce their rights under the contract. When the debtor refused to convey the property pursuant to the terms and conditions of the contract, the creditors filed a complaint against the debtor in state court seeking to recover damages based on the debtor's breach of the sales contract.

On May 18, 1990, the Eleventh Circuit Court in and for Dade County, Florida, entered an order which found the debtor guilty of bad faith in refusing to convey the property as required under the contract and awarded the creditors damages in the amount of $22,513.47. The debtor filed an interlocutory appeal of the order of damages which precluded the entry of a final judgment against the debtor by the state court. The Third District Court of Appeal ultimately dismissed the debtor's interlocutory appeal. A hearing was then scheduled before the circuit court judge on September 12, 1990 for the entry of final judgment along with costs and attorney's fees. However, the debtor filed his Chapter 7 petition on August 23, 1990, which stayed any further proceedings. The debtor declared the property as exempt on the schedules to his bankruptcy petition.

The creditors filed a Motion For Relief From Stay seeking authority to proceed with a hearing on their motion to amend the complaint in the state court. By way of the motion to amend, the creditors sought to pursue their alternative remedy for specific performance under the sales contract. This Court granted the creditors' Motion For Relief From Stay. The debtor timely filed his Motion For Rehearing. In the interim, the trustee of the estate filed his Report of Inventory wherein the trustee abandoned any interest in the subject real property.

The purpose of the automatic stay is to prohibit any further collection attempts by creditors in order to provide for an orderly liquidation of the debtor's estate. However, a review of the legislative history of Section 362 of the Bankruptcy Code evidences congress' intent that the automatic stay be lifted in circumstances where it would be more appropriate to permit proceedings to continue in their original place of origin when no great prejudice to the bankruptcy estate will result. *See, Matter of Holtkamp,* 669 F.2d 505 (7th Cir.1982) *citing* S.Rep. No. 989, 95th Cong., 2d Sess. 50, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5836. Accordingly, Section 362 of the Bankruptcy Code provides, in pertinent part:

(d) On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest. . . .

11 U.S.C. § 362(d).

The statute authorizes the bankruptcy court to lift the stay where cause is shown by a party in interest. *In re MacDonald,* 755 F.2d 715 (9th Cir.1985). The party asserting that cause exists has the burden of establishing the legally sufficient basis

for such relief. *In re CLC of America, Inc.*, 68 B.R. 512 (Bankr.E.D.Mo.1986). Because there is no clear definition of what constitutes "cause," discretionary relief from the stay must be determined on a case by case basis. *In re MacDonald*, 755 F.2d at 717.

The test to determine whether the automatic stay should be lifted to allow continuation of a pending lawsuit is whether

a) Any 'great prejudice' to either the bankrupt estate or the debtor will result from continuation of a civil suit,

b) the hardship to the [non-bankrupt] by maintenance of the stay considerably outweighs the hardship of the debtor, and

c) the creditor has a probability of prevailing on the merits of his case.

*In re Pro Football Weekly*, 60 B.R. 824, 826 (N.D.Ill.1986), *citing In re Bock Laundry Machine Co.*, 37 B.R. 564, 566 (Bankr. N.D.Ohio 1984); *Matter of McGraw*, 18 B.R. 140 (Bankr.W.D.Wis.1982).

■ Applying the *Pro Football Weekly* test to the facts of this case, this Court finds that the creditors have fulfilled the first two prongs of the test. First, the estate will not be prejudiced, and no harm will befall the unsecured creditors by the lifting of the automatic stay. The property was declared exempt by the debtor and it was subsequently abandoned by the trustee. The property is not needed for an orderly liquidation of this estate. Secondly, the harm to the creditors caused by the continuation of the stay outweighs the harm to the debtor. Any interest the creditors may have in the property stands to be extinguished by the continuation of the stay. Lifting the stay would only require the debtor to defend the motion to amend in the state court at this time.

■ With respect to the third prong of the test, the creditors allege that the need to adjudicate the extent of their equitable interest in the property of the debtor, and the likelihood of prevailing on the merits of their claim in equity, evidence sufficient cause to warrant the relief previously granted by this Court. In order to determine whether cause exists in this case, this Court must look to state law to ascertain whether the creditors have made an election of remedies which would extinguish their right to pursue equitable relief in state court.

■ The election of remedies doctrine is an application of the doctrine of estoppel and operates on the theory that a party electing one course of action should not be allowed to avail himself of an incompatible course. *Barbe v. Villeneuve*, 505 So.2d 1331, 1332 (Fla.1987), citing *Williams v. Robineau*, 124 Fla. 422, 426, 168 So. 644, 646 (1936). Under Florida law, the election of remedies doctrine applies only where the remedies in question are coexistent and inconsistent. *Barbe*, 505 So.2d at 1332. In *American Process Co. v. Florida White Pressed Brick Co.*, 56 Fla. 116, 122, 47 So. 942, 944 (1908), the Florida Supreme Court stated the analysis to be employed in determining whether an election of remedies has been made:

If the allegations of fact necessary to support one remedy are substantially inconsistent with those necessary to support the other, then the adoption of one remedy waives the right to the other. A party will not be permitted to enforce wholly inconsistent demands respecting the same right.... If more than one remedy exists, but they are not inconsistent, only a full satisfaction of the right asserted will estop the plaintiff from pursuing other consistent remedies.

*American Process Co.*, 56 Fla. at 122–23, 47 So. at 944. It is well settled that an election between legally inconsistent remedies can be made at any time prior to the entry of judgment. *Barbe*, 505 So.2d at 1333; *Erwin v. Scholfield*, 416 So.2d 478, 479 (Fla. 5th DCA 1982).

■ At the Motion For Rehearing before this Court, the debtor contended that the creditors were general unsecured creditors of the bankruptcy estate and were not entitled to the relief previously granted by this Court. The debtor argued that the creditors, by pursuing their claim for damages in the state court, had made an election of remedies which precluded them from pur-

suing a claim in equity for specific performance. The debtor urged to the Court that the order entered by the state court awarding breach of contract damages to the creditors was a final order. As such, the debtor argued that the creditors had elected to pursue their remedy at law and were foreclosed from seeking specific performance on the contract.

The debtor relies on the ruling in *McCormick v. Bodeker*, 119 Fla. 20, 160 So. 483 (1935), to support his position that an action for damages based on breach of contract and an action for specific performance are inconsistent remedies. In *McCormick*, the Florida Supreme Court affirmed the trial court's dismissal of an assignee's complaint seeking money damages against the defaulting purchaser under a land sales contract, where a judgment had been previously entered against the purchaser and in favor of the assignor on a claim for specific performance. The *McCormick* court noted, in dicta, that even if the remedies of damages and specific performance are not inconsistent, the assignee was precluded from pursuing a claim for damages because specific performance had already been granted in the prior judgment. Therefore, the entry of the prior judgment obviated the need for the court to make a determination as to the inconsistency between an action at law for damages and an action for specific performance.

Conversely, the creditors contended that, based on their equitable interest in the property, they were entitled to the relief from stay previously granted in their favor by this Court. The creditors, relying on the reasoning announced in *Williams, supra*, argued that the remedies of damages for breach of contract and specific performance are not inconsistent. According to the creditors, the allegations of facts necessary to support both remedies are consistent in that the creditors have not alleged the affirmance of the contract in one action, and the disavowal of the contract in the other. The remedies are consistent in that both are based on the theory that the debtor breached the contract. The creditors also contend that even if this Court finds that

the remedies are inconsistent, they have not made an election in that the state court never entered judgment.

This Court finds that a determination need not be made as to whether the remedies of damages for breach of contract and specific performance are inconsistent. In this case, the state court entered an order awarding damages against the debtor. However, the entry of a final judgment was precluded by the filing of the petition in bankruptcy. If the order was intended by the state court to be a final order, then the creditors will be precluded from pursuing specific performance on the contract. If, however, the order on damages was not intended to have the effect of a judgment, then the creditors will be able to pursue their alternative remedy in equity. Whether the order of damages was intended by the state court to be a final adjudication of the rights between the parties is a question properly left to the state court judge. The state court has had the benefit of reviewing the evidence in this case and the questions involved are purely matters of state law. The state court provides the most suitable forum for an adjudication of the rights of the creditors under the contract.

Based on the foregoing, this Court finds that the creditors have demonstrated sufficient cause to warrant the lifting of the automatic stay pursuant to 11 U.S.C. § 362(d). Accordingly, it is hereby:

ORDERED AND ADJUDGED that the debtor's Motion For Rehearing On The Order Granting Relief From Stay is denied. The creditors may proceed with a hearing before the state court on their motion to amend the complaint, so that a determination may be made on the extent of the creditors' equitable interest in the property of the debtor.

DONE AND ORDERED.