THE BOARD OF PUBLIC INSTRUCTION FOR BAY COUNTY v. CORA STANLEY MATHIS, *et al.*

181 So. 147.
Division B.
Opinion Filed March 24, 1938.
Rehearing Denied May 27, 1938.

*Stokes & Douglas, John H. Carter* and *John H. Carter, Jr.,* for Appellant;

*J. M. & H. P. Sapp,* for Appellees.

CHAPMAN, J.—On June 12, 1935, plaintiff filed in the Circuit Court of Bay County, Florida, an amended bill of complaint in which it was sought to impress a trust on the sum of $20,000.00, being the proceeds of certain life insurance policies in force on the life of C. C. Mathis, payable to his estate, the premiums therefor, it is alleged, were paid from school funds, property of the Board of Instruction of Bay County, Florida, and unlawfully taken by C. C. Mathis while Superintendent of Schools of Bay County. His heirs and administrator are defendants. The bill recites receipt and expenditures of many items from 1925 to 1933. handled by the late C. C. Mathis, as Superintendent, which resulted in a loss to plaintiff in the aggregate sum of $28,000.00.

On October 5, 1935, defendants filed an answer to the amended bill denying the unlawful conversion of the money of plaintiff, and alleged further that none of the money of the plaintiff was used by the late C. C. Mathis in paying the premiums due on policies of insurance on his life approximating $40,000.00.

The deceased, C. C. Mathis, Superintendent of Schools of Bay County, procured or obtained a bond, conditioned for a true and faithful accounting of all moneys handled by him for the plaintiff as Superintendent, and the same was signed by the American Surety Company of New York and was in the total sum of $3,000.00; that David Sholtz, as Governor of the State of Florida, was a use plaintiff for the School Board against the American Surety Company of New York and prosecuted to judgment an action at law to recover, and did obtain a judgment for said amount, and the same was paid to plaintiff. The plaintiff having elected to sue the American Surety Company of New York in an action at law in which said judgment was obtained and paid, the plaintiff, as a matter of law, is barred from main-

taining the bill of complaint because of his previous election of a remedy.

On September 17, 1936, on final hearing, the court made and entered an order dismissing the amended bill of complaint and thereby held that the plaintiff was barred from asserting a claim to the proceeds of the insurance policies, or to impressing said funds with a trust because of the election of the plaintiff to pursue a remedy against the American Surety Company of New York, and such election was inconsistent with the claim of equitable ownership of the policies payable to the estate of the late C. C. Mathis. The order of dismissal is here for review on a number of assignments of error.

The record shows that the late C. C. Mathis was Superintendent of Public Instruction of Bay County for three terms. The law required him to file a bond in the sum of $1,000.00 when assuming the duties of the office, which he did. The condition thereof was for the faithful accounting of all money coming into his possession. He filed three bonds in the sum of $1,000.00 each signed by the American Surety Company of New York. An auditor's report of the office held by the late C. C. Mathis. shows during the three terms or 12 years a misappropriation of funds of the Board of Instruction of Bay County in the total sum of $28,438.86. It is shown that with a part thereof the late C. C. Mathis paid premiums on $20,000.00 worth of life insurance payable to his said estate, and upon his death left no property except the life insurance. The Board of Public Instruction, of Bay County, using the name of David Sholtz, as Governor, filed suit and recovered a judgment in the sum of $3,000.00 against the American Surety Company of New York and the same was paid to the Board of Public Instruction. The Board of Public Instruction then filed the suit at bar against the heirs of the late C. C.

Mathis and his legal representative for the purpose of impressing a trust on the proceeds of the policies of insurance on the theory that the money of the Board paid for the insurance and the Board was the equitable owner thereof.

The appellees contend that the equity suit cannot be maintained because by electing to file the suit against the surety company and in so doing elects its said remedy and was barred thereby from prosecuting the said suit at bar. The appellant contends that the suit at bar was consistent with the equity suit. That the remedies of the suit against the surety company and the equity suit against the heirs and legal representative are consistent and that a common effort is being made to recover as much as possible of the $28,438.86 alleged to have been misappropriated by the late C. C. Mathis while Superintendent being the property of the School Board of Bay County. If the estate of the late C. C. Mathis was solvent and by competent testimony it could be established that the sum of $28,438.86 was unlawfully taken or converted by him to his own use, it is reasonable to conclude that the School Board of Bay County could maintain an action against his said estate and as a matter of law, if the evidence sustained the contention, should have a judgment and recover the amount misappropriated, if any. The School Board recovered the sum of $3,000.00 from the surety company on a bond given by the late C. C. Mathis and after applying the amount recovered to the credit of the amount alleged to have been misappropriated, left a large sum unpaid to the Board. It hardly appears fair or just to say that no further money could be recovered or sued for when such a large sum was misappropriated. The money, as a matter of right and justice, should be returned to the School Board of Bay County. There can be no justification for the unlawful taking of the money raised by taxation for the education of the children of Bay County.

From the facts of this case, we are unable to see where the remedies adopted by the plaintiff in its efforts to recover the money are inconsistent. The suits are separate demands against different parties, and, as a matter of law, can be followed until the demand or claims of the School Board have been paid and satisfied. In the case of McCormick v. Bodeker, 119 Fla. 20, text 23-4, 160 So. 483, this Court said:

" 'Where the law affords several distinct but not inconsistent remedies for the enforcement of a right, the mere election or choice to pursue one of such remedies does not operate as a waiver of the right to pursue the other remedies. In order to operate as a waiver or estoppel the election must be between co-existent and inconsistent remedies. To determine whether co-existent remedies are inconsistent, the relation of the parties with reference to the right sought to be enforced as asserted by the pleadings should be considered. If more than one remedy exists, but they are not inconsistent, only a full satisfaction of the right asserted will estop the plaintiff from pursuing other consistent remedies. All consistent remedies may in general be pursued concurrently even to final adjudication; but the satisfaction of the claim by one remedy' prevents the use of 'other remedies. If in fact or in law only one remedy exists and a mistaken remedy is pursued, the proper remedy is not thereby waived. Where more than one remedy for the enforcement of a particular right actually exists, and such remedies considered with reference to the relation of the parties as asserted in the pleadings, are inconsistent, the pursuit of one with knowledge of the facts, is in law a waiver of the right to pursue the other inconsistent remedy.' Amer. Process Co. v. Fla. White Press Brick Co., 56 Fla. 116, text 122-3, 47 So. 842.

" 'Where the remedies afforded are inconsistent it is the election of one of such remedies which operates as a bar;

but where the remedies afforded are consistent it is the satisfaction of the claim which operates as a bar.' 20 C. J. 8. See also McKinnon v. Johnson, 59 Fla. 332, 52 So. 288."

So it is that if it can be shown that a part of the funds so converted by Mathis was used by him to pay premiums on the insurance policies then the appellant would be entitled to have a lien impressed on the proceeds arising from the policies to the extent of the amount of such premiums so paid. Except as to the amount of the premiums paid with money belonging to the County School Fund, the proceeds of the policies are controlled by the provisions of Section 4977 R. G. S., 7065 C. G. L. See Milam v. Davis, 97 Fla. 916, 123 Sou. 668.

If a judgment for the amount of the premiums alleged to have been paid by Mathis with money belonging to the School Fund has been entered against the legal representatives of the estate of Mathis, and has not been satisfied, the effect of the judgment is to fix the sum in which the lien for the amount of premiums paid may be impressed on the proceeds of the policies.

The decree appealed from is hereby reversed for further proceedings not inconsistent with this opinion.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.