CORA STANLEY MATHIS, *et al.,* L. L. PRATT as Administrator of the Estate of Charles C. Mathis, v. BOARD OF PUBLIC INSTRUCTION FOR BAY COUNTY.

195 So. 148
Division A
Opinion Filed April 2, 1940

*J. M. & H. P. Sapp,* for Appellants;

*Stokes & Douglas,* for Appellee.

BUFORD, J.—This is the second appearance of this case here. See Board of Public Instruction v. Mathis, *et al.,* 132 Fla. 289, 181 So. 147.

After going down of the mandate, pursuant to the judgment of this Court entered on March 24, 1938, on further consideration the chancellor below entered a final decree on the 13th day of May, 1939, in which decree it was, *inter alia,* ordered, adjudged and decreed:

"The Court having considered the proof submitted as to the school funds of Bay County misappropriated and converted by C. C. Mathis during his tenure of office as Superintendent of Public Instruction of said County and as to what part and portion thereof is definitely traced into the payment of the premiums on life insurance on the life of said C. C. Mathis and payable to his estate and which insurance has, since the death of C. C. Mathis, been paid to the defendants in this cause as the heirs at law and the administrator of the estate of said decedent, finds as follows:

"1. That C. C. Mathis, or Charles C. Mathis, was the elected and acting Superintendent of Public Instruction of Bay County, Florida, and as such was the auditor and Clerk of the Board of Public Instruction from some date prior to 1925 up to the date of his death on December 4th, 1933.

"2.   That during his tenure of office above stated, said
C. C. Mathis purchased life insurance in the amount of
$10,000.00 in the Mutual Life Insurance Company of New
York and in the amount of $10,000.00 in the Prudential
Insurance Company of America, all payable to the estate of
said C. C. Mathis.

"3.   That C. C. Mathis died on or about the 4th day of
December, 1933, and left surviving him as his heirs at law
the defendants, Cora Stanley Mathis, surviving widow,
Zuleima Mathis Dickinson, Mary Charles Mathis and
Charlotte Mathis, surviving daughters, and Randall Mathis,
surviving son.

"4.   That the proceeds of the insurance were paid in
to the defendant, L. L. Pratt, as administrator, and to the
above named heirs at law of said estate, and the major
portion thereof was attached and placed in the hands of a
receiver appointed herein to hold the same subject to the
final result of these proceedings.

"5.   That during his tenure of office above stated, said
C. C. Mathis misappropriated, embezzled and converted to
his own use large sums of money belonging to the Board of
Public Instruction of Bay County much in excess of the
total premiums paid on the insurance purchased by him
and payable as above stated.

"6.   The court finds that of the funds misappropriated,
embezzled and converted by the said C. C. Mathis, there
were paid to the Mutual Life Insurance Company of New
York and to the Prudential Insurance Company of America
in payment of premiums on the life insurance of C. C.
Mathis payable to his estate the following items and
amounts, to-wit: * * *"

Then follows the statement of the amounts embezzled and
traced as indicated, making a total of $1,605.35 of the

converted funds traced and paid to the insurance companies named in the payment of premiums on life insurance of C. C. Mathis, payable to his estate.

The decree then proceeds, saying:

"Upon the authority of the Supreme Court opinion in this case, as reported in 132 Fla. 289, 181 So. 147, it is ORDERED, ADJUDGED AND DECREED that the plaintiff, Board of Public Instruction of Bay County, holds a lien upon the proceeds of the insurance on the life of C. C. Mathis payable to his estate to the amount of $1,605.35, the amount of the funds of the said Board traced and paid to the insurance companies on the premiums paid for said insurance, to secure the return and payment to said Board of said sum of $1,605.35, the total amount of its funds so traced and paid on the premiums of said insurance as stated in the findings of this court.

"It is further ORDERED, ADJUDGED AND DECREED that the plaintiff, Board of Public Instruction of Bay County, have and recover of and from the proceeds of the life insurance on the life of C. C. Mathis and payable to the estate of the insured, now in the hands and custody of J. D. Sellars, the receiver appointed herein, the sum of $1,605.35, a sum equal to the total amount of the converted funds of said Board traced and paid to the insurance companies on the premiums for said insurance.

"Upon the authority of the Supreme Court opinion referred to herein, holding that the proceeds of the insurance on the life of C. C. Mathis, except as to the amount of the premiums paid with money belonging to the County School Fund, are controlled by the provisions of Section 4977 R. G. S., 7065 C. G. L., IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the respective parties hereto pay their respective costs in these proceedings as the same shall be

taxed against said respective parties by the clerk of this Court.

"It is further ORDERED, ADJUDGED AND DECREED that the receivership in this cause be and the same is hereby dissolved, and it is decreed and ordered that J. D. Sellars, as receiver heretofore appointed in this case, pay to the plaintiff, or to its counsel of record, of and from the funds now in his hands and custody the sum of $1,605.35, less amount allowed Receiver as his compensation, and that he forthwith account for, refund and pay back to L. L. Pratt, administrator of the estate of C. C. Mathis, deceased, all the balance of the monies and funds paid to and received by him, said J. D. Sellars, as receiver in this cause."

Petition for rehearing was filed and denied. From the final decree and the order denying rehearing, appeal was taken and thus the matter is again before us for review.

The contention of appellant is in effect that because the Board of Public Instruction of Bay County had in the suit of David Sholtz as Governor of the State of Florida for the use of the Board of Public Instruction of the County of Bay and State of Florida v. American Surety Company of New York, a corporation, recovered a judgment on three certain surety bonds in the sum of $1,000 each, the first bond being dated November 21, 1924, and being given to cover defalcations which should occur during the four-year term beginning January 7, 1925, and the second bond being dated November 9, 1928, to cover any defalcations which should occur during the term beginning January 8, 1929, and the third bond being dated December 5, 1932, to cover defalcations which should occur during the term beginning January 3, 1933, and that in such suit there was filed a declaration with bill of particulars made a part thereof, in which it was alleged that certain defalcations had occurred

during each of such terms of office by embezzlement committed by C. C. Mathis of funds coming into his hands as Superintendent of Public Instruction of Bay County, Florida, and because of the further fact that the declaration alleged, and the bill of particulars attached thereto portrayed, amongst others, the same items of embezzled funds recovery of which is sought in the instant suit, the payment of that judgment bars the Board of Public Instruction from recovering in the instant suit.

The principle of law on which appellant relies is well established but it is not applicable in this case.

In the Sholtz case, *supra,* the surety bond constituted the cause of action. In this case debt is the cause of action. In the Sholtz case the issue was not what particular funds, or what amount of funds had been embezzled during each four-year term covered by one of the bonds sued on in excess of a thousand dollars, but the issue was whether or not within the term to which the bond applied Mathis had embezzled sums aggregating a thousand dollars, or more. It was not necessary, or allowable, in that suit to adjudicate the amount of the liability of Mathis or of the legal representatives of Mathis. It is true that all known shortage was alleged and proved but this was only incident to the proof necessary to show liability of the Surety Company on the bonds which were sufficient to cover only a small part of the embezzled funds.

If a law action had been brought against the legal representatives of Mathis, deceased, for the entire amount alleged to have been embezzled which appears to have been about $28,000.00, and on trial of the issues judgment had been recovered for only $3,000.00 that judgment would become *res adjudicata* and, if paid, would discharge the entire claim so that no suit thereafter could be maintained based

on any item put in issue in that suit. Such judgment would constitute an adjudication of the liability which Mathis had incurred by embezzlement of funds coming into his hands as an officer as alleged. Such was not the issue in the Sholtz case and the judgment in that case based on the several surety bonds 'was not a bar to proceeding against the legal representatives to enforce the payment of the balance of the liability incurred by Mathis in the embezzlement of funds. The surety company was only required to pay *pro tanto* according to its surety contract.

The decree entered is in accordance with our opinion and judgment herein, *supra,* and, therefore, should be affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.