McLANE, RALPH M., Associate Judge.
The parties will be referred to as they stood in the trial court. This is an appeal from a final summary judgment in favor of the defendant.
The plaintiff, Marian A. Cooley, sustained injuries in an automobile accident and was treated by the defendant, a physician. Thereafter, in June 1962, the defendant performed a laminectomy upon Mrs. Cooley and in July performed an osteotomy upon *259 her right limb. Marian A. Cooley, joined by her husband, Charles J. Cooley, sued the owner and operator of the automobile for damages. After the court granted summary judgment in favor of the plaintiffs on the issue of liability, a settlement and compromise was effected by the execution of a release. The negligence case was then dismissed, with prejudice. Subsequently, the plaintiffs filed the present case against the defendant for damages claimed by reason of alleged unauthorized surgery, the osteotomy. The complaint was framed as an action of trespass to the person, it being alleged the operation was performed without proper consent.
It is conceded that all elements of damage sought in the prior negligence action are now claimed against the defendant-physician. The defendant affirmatively plead that the prior settlement and release in the negligence case estopped the plaintiffs to seek the same damages.
The trial judge held that the plaintiffs elected their remedy by the first suit and were not entitled to recover damages for the same injuries. He ruled that an estop-pel operated against the plaintiffs, which prevented them from maintaining the instant case and thereupon granted summary judgment in favor of the defendant-physician.
The plaintiffs insist that F.S. Section 54.-28, F.S.A., is controlling, and that the trial court overlooked the effect of the statute. F.S. Section 54.28, F.S.A., in essence, provides that a release of one tort-feasor does not release or discharge any other tort-feasor for the same tort.
On the other hand, the defendant asserts that the statute has no application inasmuch as the physician is not being sued for the same tort. Further, he says, that the original tort sounded in negligence, while trespass is a wilful act, the damages arising therefrom were not the result of an effort to alleviate conditions caused by the first tort.
We are unable to agree with either contention.
The plaintiffs, as a result of the automobile accident, had a cause of action against the owner and operator of the vehicle for injuries and damages resulting from the negligence in said accident. Upon the performance of the alleged unauthorized operation, the plaintiffs had an additional, separate and distinct action against the physician for trespass to the body, which they pursued. We are, therefore, considering two separate and distinct torts against two parties defendant.
Admittedly, the doctrine of election of remedies and estoppel is frequently difficult in application. Perhaps, the leading cases are McCormick v. Bodecker, 1935, 119 Fla. 20, 160 So. 483, and Williams v. Robineau, 1936, 124 Fla. 422, 168 So. 644. See, also, Board of Public Instruction v. Mathis, 1938, 132 Fla. 289, 181 So. 147. McCormick holds that where the law affords several distinct, but not inconsistent remedies, a mere election to pursue one remedy does not operate as a waiver to pursue the other remedy. An election to operate by way of waiver or estoppel must be between coexistent and inconsistent remedies. Further, if more than one remedy exists, but they are inconsistent, “only a full satisfaction of the right asserted will estop the plaintiff from pursuing other consistent remedies.” (160 So. page 484). Williams goes on to say: “A position taken which does not injure the opposite party is not an election which precludes a change or raises an estoppel. The election is matured when the rights of the parties have been materially affected to the advantage of one or the disadvantage of the other.” (164 So. page 646).
Applying the principles of these cases to the instant suit, the action of tort sounding in negligence against the operator and owner of the vehicle is not inconsistent with the action of tort by way of trespass to the body against the physician. *260 It is to be noted that the elements of damage claimed by the plaintiffs were not finally determined by judgment, only the issue of liability was concluded by the court. Subsequently, the damages were settled for $10,000.00. We do not have the benefit of the reason or reasons causing the plaintiffs to settle for the sum indicated. It could be that by reason of policy limitations on the vehicle involved and difficulty in collecting the excess, if any, that might be recovered, the plaintiffs determined to settle their demand for less than the actual damages sustained. It is to be noted there has not been a final adjudication of the amount of damages to which the plaintiffs are entitled. Under the circumstances, we do not believe that the plaintiffs should be deprived from seeking damages by an independent remedy against a different defendant.
The case is remanded to the trial court with directions to proceed in accordance with the views expressed herein.
Reversed.
ANDREWS, Acting C. J., and CROSS, J., concur.