PER CURIAM.
This appeal by Industrial Fire and Casualty Insurance Company, the defendant below, is from an adverse summary judgment. The plaintiff, Paula Beebe, was an insured under an automobile indemnity policy issued by the defendant to Russell Beebe which included uninsured motorist coverage. The appellant challenges the correctness of the holding that an exclusionary clause in the policy, which would have precluded recovery thereunder by the plaintiff, was against public policy, and ordering the defendant to proceed to arbitration.
Paula Beebe was injured in an automobile accident, a two car collision. Paula was insured under a policy issued by Gateway Insurance Company. The other party to the accident was insured by Resources Insurance Company. Because of the insolvency of those two insurance companies, Paula sought recovery under the uninsured motorist provision of the policy issued by the defendant to Russell Beebe. She was an insured under the provisions of that policy as a member of the family and living in the household of the named insured.
Disclaimer of such coverage by the defendant insurer prompted the filing of this action by Paula against said insurer to establish coverage and compel arbitration. The defendant answered, averring plaintiff was not entitled to coverage under its policy issued to Russell Beebe, and pleading, as the basis therefor, an exclusionary clause in its policy which provided that the policy would not apply to the principal named insured or his relatives while occupying or struck by an automobile owned by an insured named in the Declarations or his relatives.
Plaintiff filed a motion for summary judgment, which she supported with certain evidentiary matter. The defendant did not present any affidavits or evidence in opposition. The proceedings before the court on the motion for a summary judgment were not transcribed, and are not shown in the record. The summary judgment, ruling as stated above, was entered in favor of the plaintiff.
The first point on this appeal deals with the exclusionary clause. The trial court correctly held the exclusion was not *1259 effective to deprive the plaintiff of the benefit of the uninsured motorist coverage of the policy. Mullis v. State Farm Mutual Automobile Insurance Company, 252 So.2d 229 (Fla.1971); Salas v. Liberty Mutual Insurance Company, 272 So.2d 1 (Fla.1973).
A second contention by the appellant was that by making a claim against Florida Insurance Guaranty Association, for benefits provided under the policy which had been issued to her by her insolvent insurer, as provided for in Section 627.727, Florida Statutes (1975), the plaintiff Paula had made an election of remedies which operated to bar her from seeking recovery under the uninsured motorist provision of the policy issued by the defendant to Russell Beebe.
On consideration of the record and briefs, we find no reason to disturb the ruling of the trial court which rejected that contention of the appellant. As pointed out by the appellee, evidence that such a claim was made by the plaintiff is not shown in the record. Nor does the record show the result or outcome of such a claim, if in fact it was made. Moreover, that stated action by the plaintiff would not appear to be such as would constitute an effective election of remedies. Cooley v. Rahilly, 200 So.2d 258 (Fla. 4th DCA 1967); Klondike, Inc. v. Blair, 211 So.2d 41 (Fla. 4th DCA 1968).
The summary judgment is affirmed.