FERGUSON, Judge.
Plaintiffs, Oberto and Dania Alvarez, cross-appeal from a final judgment which awards them damages for the loss of certain personal property which was stolen from their home by four minor defendants/ cross-appellees.
Plaintiffs filed a three-count complaint against the four minors and their parents claiming damages based on: (1) section 741.24, Florida Statutes (1983);[1] (2) the alleged negligence of the parents in failing to control their minor children; and (3) section 812.035(7), Florida Statutes (1988), which provides treble damages for theft.[2]
In its final judgment the trial court held that plaintiffs were entitled to recover $2500 in damages from the parents of each of the minors pursuant to section 741.24, for a total sum of $10,000, and damages in the sum of $13,000 against all four minors pursuant to section 812.035(7), the latter sum representing the total minimum value of the stolen property. Further, the court ruled that “any recoveries made by Plaintiffs against the Defendant parents under Count I ... to the total extent of $10,-000.00 shall be used as an off-set and a pro rata reduction of the judgment to be entered in the amount of $13,000.00 against the minor defendants under Count III.... ” An order taxing attorney’s fees and costs was also entered against the parents and minors. After defendants filed a notice of voluntary dismissal of their main appeal from the final judgment and order taxing fees and costs, this court dismissed that appeal but allowed the case to proceed on the cross-appeal.
By cross-appeal plaintiffs contend that the trial court erred (1) in failing to award them treble damages pursuant to section 812.035(7), and (2) in ordering that any recovery obtained under section 741.24 be offset against the $13,000 judgment under section 812.035(7). Plaintiffs rely on section 812.035(H)[3] for the latter argument.
We reverse as to the first point on cross-appeal, and affirm as to the second *1358 point. Section 812.035(7) clearly provides a cause of action for three times the actual damages sustained. An award of treble damages under that statute, as we have previously interpreted it, is “nothing more than a ministerial act which has nothing whatever to do with the fact-finding function” after the crime has been proved. Senfeld v. Bank of Nova Scotia Trust Co., 450 So.2d 1157, 1166 (Fla. 3d DCA 1984).
We agree with the trial court that any recovery under section 741.24 should be offset against any judgment under section 812.035(7). Although section 812.-035(11) provides that a civil remedy under any provision of sections 812.012-812.037 is not exclusive, section 812.037 states that section 812.035(11) “shall not be construed strictly or liberally, but shall be construed in light of [its] purposes to achieve [its] remedial goals.” We hold accordingly that section 812.035(11) permits suit under both sections 741.24 and 812.035(7) since the two forms of civil remedy are not inconsistent, but that there cannot be a double recovery for actual damages. See Board of Public Instruction for Bay County v. Mathis, 132 Fla. 289, 293, 181 So. 147, 149 (Fla.1938) (“all consistent remedies may in general be pursued concurrently even to final adjudication, but the satisfaction of the claim by one remedy prevents the use of ‘other remedies’ ”); Klondike, Inc. v. Blair, 211 So.2d 41, 42 (Fla. 4th DCA 1968) (same). Since plaintiffs recovered $13,000 under section 812.035(7), the trial court correctly ordered that any recovery made under section 741.24 be offset against the judgment of $13,000.
Affirmed in part, reversed in part and remanded with instructions.

. Section 741.24, Florida Statutes (1983) provides:
741.24 Civil action against parents; willful destruction or theft of property by minor.—
(1) [A]ny person ... shall be entitled to recover damages in an appropriate action at law in an amount not to exceed $2,500, in a court of competent jurisdiction, from the parents of any minor under the age of 18 years, living with the parents, who shall maliciously or willfully destroy or steal property, real, personal, or mixed, belonging to such ... person....
(2) The recovery shall be limited to the actual damages in an amount not to exceed $2,500, in addition to taxable court costs.

. Section 812.035(7), Florida Statutes (1983) provides:
(7) Any person who is injured in any fashion by reason of any violation of the provisions of ss. 812.012-812.037 shall have a cause of action for threefold the actual damages sustained and, when appropriate, punitive damages. Such person shall also recover attorneys’ fees in the trial and appellate courts and costs of investigation and litigation.
A 1984 amendment to the statute also provides for minimum damages in the amount of $200.

.Section 812.035(11), Florida Statutes (1983) provides:
(11) The application of one civil remedy under any provision of ss. 812.012-812.037 shall not preclude the application of any other remedy, civil or criminal, under ss. 812.012-812.037 or any other section of the Florida Statutes.