579 So.2d 404 (1991)
AAGAARD-JUERGENSEN, INC., Appellant,
v.
James LETTELIER, et al., Appellees.
No. 90-1512.
District Court of Appeal of Florida, Fifth District.
May 23, 1991.
Stephen M. Bull and Bryan L. Capps of Bull & Haggard, Orlando, for appellant.
No appearance for appellees.
DIAMANTIS, Judge.
Appellant Aagaard-Juergensen, Inc. appeals a final order entered by a successor judge denying its motion to amend the trial judge's final judgment. We reverse.
Aagaard-Juergensen, Inc. (A/J) instituted suit against appellees James and Margott Lettelier (Letteliers) individually, and against the corporation owned by the Letteliers, JBC Electrical Wiring Contractors, Inc. A/J asserted several causes of action including breach of contract, fraud, statutory embezzlement, negligence, conspiracy, and civil theft. In the complaint A/J requested compensatory damages as well as attorney's fees and treble damages on the civil theft claim.
The matter proceeded to trial and the jury returned a special verdict finding, among other things, that the Letteliers committed civil theft[1] against A/J. The jury concluded that the amount of compensatory damages suffered by A/J totalled $69,602.33. The trial judge entered judgment in accordance with the jury's verdict. *405 The proposed final judgment provided language awarding attorney's fees and treble damages, however, the trial judge struck through these provisions. Accordingly, the final judgment awards only compensatory damages and costs.
A/J filed and served a timely motion to amend the final judgment pursuant to Rule 1.530(g) of the Florida Rules of Civil Procedure. In the motion A/J requested an award of attorney's fees and treble damages. Because in the interim period the trial judge retired, this matter was assigned to a successor judge who conducted a hearing on A/J's motion to amend. Upon consideration of the motion the successor judge concluded that he was without authority to amend the final judgment entered by the trial judge. Therefore, the successor judge denied the motion for attorney's fees and treble damages, and entered an order awarding only costs. This appeal followed.
As noted above, the jury entered a special verdict finding that the Letteliers had committed civil theft against A/J in violation of section 812.035 of the Florida Statutes (1985).[2] Section 812.035 provides:
812.035 Civil remedies; limitation on civil and criminal actions. 
* * * * * *
(7) Any person who is injured in any fashion by reason of any violation of the provisions of ss. 812.012-812.037 or s. 812.081 has a cause of action of threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200. Such person shall also recover court costs and reasonable attorneys' fees in the trial and appellate courts.
The record does not contain any indication as to why the trial judge struck through the provision in the final judgment awarding attorney's fees and treble damages thereby denying A/J's request for attorney's fees and treble damages. The applicable case law clearly holds, however, that the award of treble damages under the Florida civil theft statute is mandatory. Alvarez v. Striegel, 471 So.2d 1356 (Fla. 3d DCA 1985); Senfeld v. Bank of Nova Scotia Trust Company, 450 So.2d 1157 (Fla. 3d DCA 1984). Consequently, the trial court had no discretion to decline to award treble damages in this case. As for A/J's claim for attorney's fees, A/J is entitled to such an award. Section 812.035 states that a victim of civil theft "shall ... recover court costs and reasonable attorneys' fees in the trial and appellate courts." Because this is a statutory authorization for an award of attorney's fees, the trial court had no discretion to decline to enforce such a right.
Accordingly, we reverse the denial of A/J's request for treble damages and reasonable attorney's fees. We remand this case for entry of an award of treble damages and, after having a hearing, reasonable attorney's fees.
REVERSED and REMANDED.
GOSHORN and GRIFFIN, JJ., concur.
NOTES
[1] § 812.035(7), Fla. Stat. (1985).
[2] Effective October 1, 1986 section 812.035 was amended to limit treble damages to the state or its agencies but at the same time section 772.11 of the Florida Statutes was amended to provide individual claimants with the remedy of treble damages which the new section 812.035 deleted. Here, however, the underlying civil theft committed by the Letteliers occurred prior to the amendment in October of 1986 and, therefore, the treble damages were available under the 1985 version of section 812.035. See Warren v. Monahan Beaches Jewelry Center, Inc., 548 So.2d 870 (Fla. 1st DCA 1989).