SHAHOOD, J.
This is an appeal by Mitchell Anton, appellant/cross-appellee, as co-trustee of the Halpern Trust, and his siblings, against Jared Anton, appellee/cross-appel-lant. The sole issue presented in the initial appeal is whether the trial court erred in denying appellants’ claim for treble damages pursuant to the civil theft statute. In the cross-appeal, Jared Anton claims that the trial court erred in entering final summary judgment in favor of one co- *405 trastee, without the consent and joinder in the action of the two remaining co-trustees of the Halpern Trust. We reverse the trial court’s denial of treble damages and affirm the issue raised on cross-appeal.
This case involved a bitter family dispute involving the misappropriation of trust funds from the Beatryce Halpern estate and the Maralyn Anton estate[1]. Pursuant to the terms of her last will and testament, Mrs. Halpern, directed that % of the remainder of her estate was to be distributed to her niece, Maralyn Anton. Should Mrs. Halpern survive Mrs. Anton, Mrs. Anton’s share was to be distributed among her five children. The remainder of the estate was to be held in trust (“Hal-pern Trust”) for the benefit of her mentally challenged stepson, Frederick Halpern, as the sole income beneficiary, with the Anton children as the remainder beneficiaries. Mrs. Anton, Elizabeth Krup (decedent’s sister-in-law), and Jared Anton were appointed trustees of the Halpern Trust with Mitchell Anton as first successor trustee. Upon the death of Mrs. Anton, Mitchell Anton was appointed to serve as successor co-trustee to the Halpern Trust. Mrs. Halpern’s Will directed that there be at least two trustees to serve.
This action initially arose when siblings Mitchell Anton, Michelle Cagnetto and Meredith Li Anton filed a complaint against Jared Anton alleging inter alia, that Jared Anton misappropriated trust funds from both the Halpern Trust and the Anton Trust. Mitchell Anton, as co-trustee of the Halpern Trust, was added as an additional party plaintiff in the action.
As a result of the above action, Jared Anton resigned as co-trustee to the Hal-pern Trust and Tracy Anton was appointed a successor co-trustee. Likewise, Jared Anton resigned as sole trustee of the Anton Trust and Mitchell Anton and Tracy Anton were appointed successor co-trustees. Halpern Trust co-trustees Tracy Anton and Elizabeth Krup were not named as parties in the action brought by Mitchell Anton, individually, and as co-trustee of the Halpern Trust, and by Michelle Cag-netto and Meredith Li Anton. In a fourth amended complaint, Mitchell Anton as co-trustee of the Halpern Trust, was substituted in place of Mitchell Anton, Michelle Cagnetto and Meredith Li Anton, individually, and sought damages against Jared Anton for civil theft, conversion, breach of fiduciary duty, and an accounting.
Tracy Anton, as successor co-trustee of the Halpern Trust moved to intervene in the action in order to file a cross-claim seeking to remove Mitchell Anton and Elizabeth Krup as co-trustees of the Hal-pern Trust due to a breach of fiduciary duty. Mitchell Anton counterclaimed and likewise sought to remove Tracy Anton as co-trustee for breach of fiduciary duty. Mitchell Anton alleged that Tracy Anton acknowledged in her complaint that Jared Anton had misappropriated funds from the Halpern Trust, yet she refused to seek recovery of such funds from Jared Anton, and was in fact shielding him from liability.
Subsequent thereto, Jared Anton, an attorney, was suspended from the practice of law by the Florida Supreme Court and ultimately resigned permanently from the Florida Bar. Thereafter, Jared Anton pled guilty to one count of first degree grand theft and two counts of second degree grand theft and admitted to misappropriating monies from the Halpern Trust.
With regard to the Halpern Trust, the trial court granted Final Summary Judgment in favor of appellant Mitchell Anton as co-trustee of the Halpern Trust and ordered that appellant recover $141,516.20 from Jared Anton. However, it failed to award appellant treble damages under the civil theft claim.
In his cross-appeal, Jared Anton claimed that the trial court erred in grant *406 ing Final Summary Judgment in favor of Mitchell Anton as co-trustee of the Hal-pern Trust on the grounds that Mitchell Anton lacked the capacity to bring this action by acting alone in his capacity as co-trustee without joining co-trustees Tracy Anton and Elizabeth Krup.
Elizabeth Krup did not join co-trustee Mitchell Anton as a plaintiff in the action. Rather, she filed an affidavit in support of Mitchell Anton’s motion for summary judgment stating in pertinent part as follows:
In July, 1994, Mitchell Anton and I discussed possible action as Trustees of the Halpern Trust against Jared Anton to recover misappropriated Halpern Trust funds. At that time, Mitchell Anton, individually, was involved in a lawsuit against Jared Anton regarding his misappropriation of Halpern Trust funds.
While I am not a named plaintiff in the action by Mitchell Anton as a Co-Trustee of the Halpern Trust against Jared Anton, I fully concur with Mitchell’s actions in that lawsuit, agree with Mitchell’s actions in that lawsuit, and have consented to Mitchell’s actions as a Co-Trustee of the Halpern Trust in that lawsuit. Moreover, I have consented to and acknowledged and agreed that payment of the legal fees regarding the recovery of misappropriated Halpern Trust funds from Jared Anton should be paid by the Halpern Trust.
On or about July 29, 1994, I executed the letter attached hereto as Exhibit A, consenting to, agreeing and authorizing Mitchell’s actions as a Co-Trustee of the Halpern Trust against Jared Anton and agreeing that the Halpern Trust should be responsible for the fees and costs of such an action. As of this date, I remain committed to Mitchell’s action against Jared Anton to recover the monies stolen by Jared Anton from the Halpern Trust.
Co-trustees are obligated to maintain an attitude of vigilant concern for the proper administration of the trust. See Ball v. Mills 376 So.2d 1174, 1182 (Fla. 1st DCA 1979), cert. denied, 388 So.2d 1116 (Fla.1980). Section 737.402(2)(z), Florida Statutes (1995), gives trustees the power to prosecute actions for the protection of the trust assets.[2] Section 737.404(1), Florida Statutes (1995), provides that any power vested in three or more trustees may be exercised by a majority of them.
(1) Any power vested in three or more trustees may be exercised by a majority, but a trustee who has not joined in exercising a power is not hable to the beneficiaries or to others for the consequences of the exercise, and a dissenting trustee is not liable for the consequences of an act in which he or she joins at the direction of the majority of the trustees if the dissenting trustee expressed his or her dissent in writing to any of his or her cotrustees at or before the time of the joinder.
§ 737.404, Fla. Stat. (1995)(emphasis supplied).
In Mills v. Ball, 380 So.2d 1128 (Fla. 1st DCA), cert. denied, 389 So.2d 1113 (Fla.1980), potential beneficiaries under a testamentary trust sought declaratory judgment construing the will. One of the issues raised was whether each trustee was entitled to employ, at trust expense, independent counsel to assist him in connection with his duties under the trust. In that case, the Will expressly directed that a majority decision of the trustees shall govern, but that in event that a majority decision is not reached, the matter under consideration shall be referred to the appropriate court for a decision.
On appeal, the court held that compensation to attorneys employed by an individ *407 ual trustee should not be allowed from the funds of the trust unless it appears to the satisfaction of the court that their employment was or is necessary for the protection of the trust. See id. at 1134. In so holding, the court explained that it did not construe the Will as authorizing the employment of an attorney by a single trustee if he is one of multiple trustees nor was such authority authorized by statute. See id. at 1133-34. According to the Mills court, subsection 737.402(2)(z) requires a majority of multiple trustees in order to exercise such power.
In this case, the Halpern Trust instrument appointed three trustees and directed that at least two trustees must serve. Unlike Mills, the Will here did not contain a provision that a majority decision of the trustees shall govern. We therefore must look to the statutes set forth above for guidance. Under Mills’ construction of section 737.402(2)(z), at least two of the three co-trustees under the Halpern Trust should have brought the action against Jared Anton. However, section 737.404 provides that “[a]ny power vested in three or more trustees may be exercised by a majority.” (emphasis supplied). Thus, the use of the word “may” is clearly permissive rather mandatory.[3] Nevertheless, it is quite clear that Elizabeth Krup, in her capacity as co-trustee, assented to the action brought by co-trustee Mitchell Anton as evidenced by her affidavit. Thus, a majority of the trustees consented to the commencement of action and was sufficient to satisfy the statute. Accordingly, we affirm the cross-appeal.
As to the issue of treble damages, we hold that under section 772.11, Florida Statutes (1995), treble damages are recoverable under a properly entered civil judgment:
Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of the provisions of ss. 812.012-812.037 has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney’s fees and court costs in the trial and appellate courts.
See Aagaard-Juergensen, Inc. v. Lettelier, 579 So.2d 404 (Fla. 5th DCA 1991)(statute providing for award of treble damages in the event of a determination of liability for civil theft is mandatory).
In this case appellee, Jared Anton was charged with, and entered a plea of guilty to grand theft of Halpern Trust funds. Hence, it is without question that there is clear and convincing proof of civil theft based on Jared Anton’s plea of guilty to grand theft of Halpern Trust funds. Thus, treble damages are appropriate under the circumstances and facts of this case. We accordingly reverse and remand with directions for the trial court to award appellant treble damages under the civil theft statute.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GUNTHER and TAYLOR, JJ., concur.

. Mrs. Anton directed that the remainder of her estate be held in a residuary trust for her five children: Mitchell Anton, Michelle Cag-netto, Meredith Li Anton, Jared Anton and Tracy Anton.

. Section 737.402(2)(z), Florida Statutes (1995) provides that unless otherwise provided in the trust instrument, a trustee has the power to "prosecute or defend actions, claims, or proceedings for the protection of trust assets and of the trustee in the performance of his or her duties.”

. Black's Law Dictionary 979 (6th ed.1990).